UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA SCARANO, et al., | No. 2:25-cv-00099-DJC-CKD |
| Plaintiffs, | |
| v. | **ORDER** |
| COUNTY OF STANISLAUS, et al., | |
| Defendants. | |

Plaintiffs Sandra Scarano and Ricardo Scarano filed this suit under 42 U.S.C. § 1983 based on allegations that Defendants violated Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments.  Plaintiffs claim that Defendants unlawfully seized Plaintiffs, searched their property without a warrant or probable cause, used excessive force against Plaintiffs, and violated their due process rights. Before the Court is Defendants' Motion to Dismiss in which they argue that the Complaint fails to allege sufficient facts to support a claim against the County of Stanislaus and that the Stanislaus County Sheriff's Department is a redundant defendant.  (Mot. (ECF No. 11–1).)  For the reasons stated below, Defendants' Motion to Dismiss is granted and Plaintiffs' Complaint is dismissed.  Plaintiffs will be granted leave to file an amended complaint.

////

1   **I.      Background**

2          Plaintiffs allege that on January 17, 2024, Defendants executed a search

3   warrant for 5806 Beckwith Road, Modesto, California.  (Compl. (ECF No. 1) ¶¶ 4–5.)

4   Defendants obtained the warrant based on a post made by Plaintiffs' minor child that

5   was alleged to have included a threat that Plaintiffs' child would bring a weapon to

6   school.  (*Id.* ¶ 6.)  Plaintiffs assert that this was an "incomplete representation" of the

7   post in question.  (*Id.*)  In executing the warrant, Plaintiffs allege that Defendants

8   "entered and searched 5818 Beckwith Road, Modesto" and detained Plaintiff Sandra

9   Scarano at gunpoint, despite 5818 Beckwith Road not being a location listed on the

10  search warrant.  (*Id.* ¶ 5.)  Plaintiffs also allege that Defendants detained Plaintiff Rick

11  Scarano at gunpoint via a traffic stop conducted "about one mile from 5818 Beckwith

12  Road."  (*Id.* ¶¶ 10–11.)  Plaintiff Rick Scarano's detention lasted two hours during which

13  time officers allegedly handcuffed him, placed him in a patrol vehicle, and searched

14  his vehicle without a warrant.  (*Id.* ¶¶ 11–13.)  Based on these events, Plaintiffs allege

15  Defendants violated their constitutional rights under the Fourth and Fourteenth

16  Amendment.[1]

17         Defendants have now moved to dismiss claims against Defendant County of

18  Stanislaus on the grounds that the Complaint does not contain sufficient factual

19  allegation to support *Monell* liability for the County.  Defendants also seek dismissal of

20  the claims against Defendant Stanislaus County Sheriff's Department on the basis that

21  the Sheriff's Department is a redundant defendant due to the inclusion of the County.

22  Briefing on this Motion is now complete.  (Mot.; Opp'n (ECF No. 19); Reply (ECF No.

23  20).)  Pursuant to Local Rule 230(g), this matter is taken under submission without oral

24  argument.

25  ////

26

27  [1] Three paragraphs of the Complaint reference jail conditions and the treatment of pre-trial detainees. (Compl. ¶¶ 34–35, 37.)  The Complaint does not contain factual allegations on this issue.  These paragraphs appear to be an erroneous inclusion from a different action.  As they are not relevant to this

28  action, these paragraphs have been disregarded by the Court for purposes of this Order.

## II.    Legal Standard

A party may move to dismiss for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory.  *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).  The Court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party."  *Steinle v. City and Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)).  If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible.  *Iqbal*, 556 U.S. at 678.  In the same vein, conclusory or formulaic recitations of elements do not alone suffice.  *Id.* (citing *Twombly*, 550 U.S. at 555).  This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense."  *Id.* at 679.

## III.    Discussion

### A.    County of Stanislaus

Under the Supreme Court's decision in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), local governments may be held liable under section 1983 for wrongs done by the local government itself.  A municipality or other local government entity is subject to *Monell* liability when that government, "under color of some official policy, 'causes' an employee to violate another's constitutional rights."  *Monell*, 436 U.S. at 692.  A municipality, however, cannot be held liable solely for the purported

constitutional violations of its employees, "or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. The municipality itself must have acted through an official municipal policy or custom. *Id.* at 694. The Ninth Circuit has recognized four theories for establishing municipal liability under *Monell*: "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019).

The Complaint does not allege facts that establish liability for the County of Stanislaus under any of the recognized theories for municipal liability. No specific official policy or policies are identified that resulted in the violation of Plaintiffs' rights. "[A] plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *See Board of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403–04 (1997). Rather than identifying specific policies, the Complaint alleges that Plaintiffs' rights were violated in various ways by the County's "policies, procedures, customs, and practices" but only vaguely references policies. (*See* Compl. ¶¶ 70–72, 74–76.) These allegations are insufficient to establish municipal liability on the basis of an official policy.

Similarly, while the Complaint claims that Plaintiffs' constitutional rights were also violated by the customs and practices of the County, the Complaint does not provide any factual allegations to show any such custom or practices existed. "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). The Complaint only provides facial allegations that such custom or practices existed; it does not provide any allegations beyond the events at issue in this case. As such, these allegations do not establish the existence of a custom or practice for purposes of liability under *Monell*.

Finally, in a few locations the Complaint references action or ratification by

4

1    policymakers.  (*See* Compl. ¶¶ 68, 76.)  However, the Complaint does not identify any

2    specific individuals who were allegedly policymakers for the County.  The only named

3    Defendants in the Complaint are the County of Stanislaus and the Stanislaus County

4    Sheriff's Department.  The remainder are "Doe" Defendants who have not been

5    individually identified.  The Complaint also does not identify policymakers without

6    naming them as Defendants.  Given that the Complaint does not identify anyone who

7    had the capacity to act as a policymaker, the Complaint fails to allege sufficient facts to

8    establish municipal liability under a "policymaker" theory.

9            In their Opposition, Plaintiffs argue that they "require discovery in order to

10   identify specific policies and incidents[.]"  (Opp'n at 2–3.)  It is certainly true that with

11   the benefit of discovery, Plaintiffs might identify specific policies that caused the

12   alleged violations of their rights or obtain evidence to support the existence of a

13   custom or practice.  However, this possibility does not excuse Plaintiffs from their

14   obligation to adequately include factual allegations in their Complaint to state a

15   plausible claim.[2]  Plaintiffs must still allege plausible facts supporting the existence of

16   such a policy or custom.  *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631,

17   637–38 (9th Cir. 2012).

18           For the foregoing reasons, the Complaint fails to allege sufficient facts to state a

19   section 1983 claim against the County of Stanislaus under *Monell*.  Defendants'

20   Motion to Dismiss is granted on this ground.  Plaintiffs are granted leave to file an

21   amended complaint.

22       **B.  Stanislaus County Sheriff's Department**

23           In a footnote of their Motion, Defendants also request that the Court dismiss

24   Plaintiffs' claims against the Stanislaus County Sheriff's Department as redundant of

25   their claims against the County.  The Court declines to dismiss Plaintiffs' claims against

26   

27   [2] Plaintiffs' Opposition provides a citation to "*Kanter v. County of Los Angeles*, 489 F.3d 1038, 1042 (9th Cir. 2007)."  (Opp'n at 2–3.)  The Court is unable to find a case with that name at that citation.  Plaintiffs'

28   Counsel are reminded of their obligations under Federal Rule of Civil Procedure 11 and Local Rule 180(e).

1   the Sheriff's Department on this basis.  It is untrue that claims may never be brought

2   against both a sheriff's department and the county in which the department is located.

3   *See Streit v. County of Los Angeles*, 236 F.3d 552, 556 (9th Cir. 2001); *see also C.B. v.*

4   *Moreno Valley Unified Sch. Dist.*, 544 F. Supp. 3d 973, 985 (C.D. Cal. 2021) ("[T]here

5   simply is no rule of law requiring a court to dismiss a municipal entity as duplicative,

6   redundant, or unnecessary defendant in cases where the municipality itself is named."

7   (internal citation and quotation omitted)).  However, Plaintiffs' claims against the

8   Sheriff's Department must be dismissed for the same reasons the Court above

9   dismissed the claims against the County.  The facts presently alleged are insufficient to

10  establish a claim against the Stanislaus County Sheriff's Department under *Monell*.  As

11  such, Plaintiffs' claims against the Stanislaus County Sheriff's Department are also

12  dismissed with leave to amend.  As the Court has dismissed the claims against the

13  sole named Defendants, Plaintiffs' Complaint is dismissed in its entirety with leave to

14  amend.

15      **IV.    Conclusion**

16          For the reasons stated above, IT IS HEREBY ORDERED that Defendants' Motion

17  to Dismiss (ECF No. 11) is GRANTED.  Plaintiffs' Complaint (ECF No. 1) is dismissed

18  with leave to amend.  Plaintiffs shall file their First Amended Complaint within fourteen

19  days of this order.  The hearing set for June 26, 2025, at 1:30 p.m. in Courtroom 7 is

20  VACATED.

21

22          IT IS SO ORDERED.

23  Dated:   __**June 20, 2025**__

24                                              Hon. Daniel J. Calabretta
                                                UNITED STATES DISTRICT JUDGE
25

26  DJC1 – scarano25cv00099.MTD

27

28

                                                6