UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA SCARANO, et al., | No. 2:25-cv-00099-DJC-CKD |
| Plaintiffs, | |
| v. | ORDER |
| COUNTY OF STANISLAUS, et al., | |
| Defendants. | |

Plaintiffs Sandra and Ricardo Scarano filed this suit under 42 U.S.C. § 1983 based on allegations that Defendants County of Stanislaus, Stanislaus County Sheriff's Department, and individual Stanislaus County Sheriff's Department Deputies of unknown identities violated Plaintiffs' Fourth and Fourteenth Amendment rights. Plaintiffs claim Defendants unlawfully seized Plaintiffs, searched Plaintiffs' property without a warrant or probable cause, used excessive force against Plaintiffs, and violated their due process rights. Before the Court is Defendants' Motion to Dismiss (ECF No. 23) the First Amended Complaint (ECF No. 22) for failing to allege sufficient facts to support a claim against the County of Stanislaus and the Stanislaus County Sheriff's Department. For the reasons stated below, Defendants' Motion to Dismiss is granted with leave to amend.

**BACKGROUND**

In the First Amended Complaint ("FAC"), Plaintiffs allege Stanislaus County Sheriff's Department ("SCSD") Deputies executed a search warrant for 5806 Beckwith Road, Modesto, California in January of 2024. (FAC ¶¶ 4–5.) Defendants obtained the warrant based on a "post" by Plaintiffs' minor child in which the child allegedly threatened to bring a weapon to school. (*Id.* ¶ 6.) Plaintiffs assert Defendants "incompletely represented" the contents of the post to the Stanislaus County Superior Court to obtain the warrant. (*Id.*) Defendants allegedly "entered and searched 5818 Beckwith Road, Modesto," even though Defendants knew this address differed from the address listed on the warrant. (*Id.* ¶ 5.) In executing the warrant, Defendants allegedly detained Plaintiff Sandra Scarano at gunpoint. (*Id.* ¶ 14.) Plaintiffs further allege Defendants detained Plaintiff Ricardo Scarano without a warrant at gunpoint via a traffic stop conducted "about one mile from 5818 Beckwith Road." (*Id.* ¶¶ 10–11.) Plaintiff Ricardo Scarano's detention lasted more than two hours, during which time officers allegedly handcuffed him, placed him in a patrol car, and searched his vehicle without a warrant. (*Id.* ¶ 11–13.) SCSD Deputies allegedly committed these acts because the County and SCSD failed to train them to properly assess threats and execute search warrants. (*Id.* ¶¶ 29–31.) Based on these events, Plaintiffs allege Defendants violated their federal constitutional rights under the Fourth and Fourteenth Amendments.

Defendant County of Stanislaus previously moved to dismiss the claims against it for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and this Court granted the Motion. (*See* Order (ECF No. 21).) Plaintiffs filed the First Amended Complaint (ECF No. 22), and Defendant County of Stanislaus and Defendant SCSD again moved to dismiss the claims them. These Defendants argue the FAC still lacks the necessary factual allegations to support *Monell* liability. Briefing on this Motion is now complete. (Mot. (ECF No. 23); Opp'n (ECF No. 24); Reply (ECF No. 25).) The Court held a hearing on October 2, 2025, during which the Court heard

argument on Defendants' Motion to Dismiss with Michael Warda appearing for Plaintiffs, and Jacob Graham appearing for Defendants. The Motion was taken under submission.

## LEGAL STANDARD

A party may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The Court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City and Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). This evaluation of plausibility is a context-specific task that draws on "judicial experience and common sense." *Id.* at 679.

## DISCUSSION

Under the Supreme Court's decision in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), local governments may be liable under section 1983 for wrongs committed by the local government itself. A municipality or other local government entity is subject to *Monell* liability when that government, "under color of some official

policy, 'causes' an employee to violate another's constitutional rights." *Monell*, 436 U.S. at 692.  A municipality, however, cannot be held liable solely for the purported constitutional violations of its employees, "or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id*. at 691.  Therefore, the municipality itself must have acted through an official municipal policy or custom. *Id*. at 694.  The Ninth Circuit has recognized four theories for establishing municipal liability under *Monell*: "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019).

The FAC does not allege facts that establish liability for the County or SCSD under any of the recognized theories of municipal liability.  It contains no new facts or allegations that would support liability under the first three bases of liability, and the Motion to Dismiss is granted as to those theories for the reasons set out in the Court's prior Order (*see generally* ECF No. 21).  However, the FAC alleges additional facts regarding the adequacy of the County and SCSD's officer training program.

**I. Failure to Train**

Plaintiffs appear to allege and have included additional facts in the FAC to support a "failure to train" theory of municipal liability.  "Failure to train may constitute a basis for *Monell* liability where the failure amounts to deliberate indifference to the rights of those who deal with municipal employees." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021).  "To allege a failure to train, a plaintiff must include sufficient facts to support a reasonable inference (1) of a constitutional violation; (2) of a municipal training policy that amounts to a deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly trained their employees." *Id*. at 1153–54; *see also Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007).

Plaintiffs' *Monell* claim fails as the FAC does not allege facts sufficient to meet the second requirement, namely that the County and SCSD maintained a training

4

policy deliberately indifferent to constitutional rights. This prong requires a plaintiff to show that a defendant both chose a training program inadequate to prevent constitutional violations and was deliberately indifferent to such violations. *See Hyde v. City of Wilcox*, 23 F.4th 863, 874–75 (9th Cir. 2022). Plaintiffs have not alleged adequate facts to show either of these requirements were present.

*First*, Plaintiffs failed to allege facts sufficient to establish that the County and SCSD's training policy was deficient. Plaintiffs allege the Deputies lacked the training to assess the threat posed by Plaintiffs' Minor Child's post, to properly apply and execute search warrants, and to limit searches and seizures to matters included in warrants. (FAC ¶¶ 29–31.) However, an "inadequate training policy itself cannot be inferred from a single incident." *Hyde*, 23 F.4th at 875. "[A]dequately trained officers occasionally make mistakes; the fact that they do says little about the training program." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390-91 (1989). The FAC offers no facts about these Defendants' training program or policies. The only factual allegations concern the acts of individual deputies towards Plaintiffs. (*See* FAC ¶¶ 4–31.) Therefore, as Plaintiffs rely solely on the single incident involved in this case, they have not alleged the facts required to establish that these Defendants employ an inadequate training policy. *Hyde*, 23 F.4th at 875 (holding Plaintiffs did not state a failure to train claim under *Monell* because they relied solely on a single incident and pled no other facts to suggest a deficient training policy); *Smith v. City of Marina*, 709 F. Supp. 3d 926, 936 (N.D. Cal. 2024) (same).

*Second*, Plaintiffs failed to plead facts sufficient to support an interference that the County and SCSD were deliberately indifferent to any alleged defects in their training programs. There are two pathways to establishing a municipality's deliberate indifference to deficiencies in training. *Hyun Ju Park v. City & County of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020). Under the first, a plaintiff can identify a "pattern of similar constitutional violations by untrained employees." *Connick v. Thompson*, 563 U.S. 51, 62 (2011). Such a showing "is 'ordinarily necessary' to demonstrate deliberate

indifference for purposes of failure to train." *Id.* (quoting *Bd. of Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 409 (1997). Absent such a pattern, policymakers lack notice and, without "notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.* However, in a narrow class of cases, an examination of the policy would show "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Canton*, 489 U.S. at 390; *see also Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014). In such cases, plaintiffs are not required to identify a pattern of similar violations to demonstrate deliberate indifference. *Connick*, 563 U.S. at 63. Instead, plaintiffs "need point only to the policy itself to establish that the municipality's policymakers were on notice that the plaintiff's federally protected rights would likely be violated if they failed to act." *Hyun*, 952 F.3d at 1141–42.

Plaintiffs have not pled facts that support an inference of Defendants' deliberate indifference under either path. The FAC contains no factual allegations of other incidents in which officers committed similar violations. Plaintiffs' allegations thus fail to establish that, without the notice provided by a series of similar violations, the County and SCSD were deliberately indifferent to inadequacies in their training policy under the first path. *Flores*, 758 F.3d at 1159 (9th Cir. 2014) (holding complaint did not state a failure to train claim under *Monell* because it failed to identify a pattern of similar violations to demonstrate deliberate indifference). Finally, this Court cannot determine that Plaintiffs' case falls within the narrow class of cases not requiring more than a single incident to establish deliberate indifference based on the facts alleged. Plaintiffs have not provided enough details about the constitutional violations they allegedly suffered such that this Court can conclude the need for more or different training was so obvious as to constitute deliberate indifference. Further, as explained

above, even if Plaintiffs had pled facts establishing the Defendants' deliberate indifference under the second path, Plaintiffs still failed to make a factual showing of deficiencies in the training program because "an inadequate training policy itself cannot be inferred from a single incident." *Hyde*, 23 F.4th at 874–75.

Finally, although Plaintiffs reference a "history and pattern of prior lawsuits alleging civil rights violations" (FAC ¶ 80), this Court cannot assess whether a pattern plausibly exists based solely on vague allegations that others have brought similar lawsuits. Prior similar lawsuits can indicate a pattern exists provided they are alleged with adequate factual details. *See, e.g., Chaidez v. Alameda County*, No. 3:21-cv-04240-RS, 2023 WL 6466385, at *7 (N.D. Cal. Oct. 3, 2023) (holding complaint successfully pled *Monell* failure to train claim by identifying and describing the facts of eight lawsuits with facts similar to those in plaintiff's case*); Est. of Adkins ex rel. Adkins v. County of San Diego*, No. 3:18-cv-00371-H-MDD, 2018 WL 1942397, at *5 (S.D. Cal. Apr. 25, 2018) (holding complaint that identified five other lawsuits involving similar facts alleged a pattern adequate to sustain a *Monell* failure to train claim). However, Plaintiffs' vague reference to the existence of other lawsuits does not provide the Court with enough detail to assess whether there are factual similarities between these other suits and Plaintiffs' case sufficient to support a *Monell* claim. *See Johnson v. City & County of Honolulu*, No. 1:22-cv-00447-DKW-RT, 2023 WL 1993972, at *5 (D. Haw. Feb. 14, 2023) (explaining that plaintiff's "unspecific reference" to "numerous lawsuits" failed to establish a pattern for purposes of a *Monell* failure to train claim (internal quotation marks omitted)); *see also Robinson v. County of San Bernardino*, No. 5:24-cv-01871-CBM-SP, 2024 WL 5466465, at *4 (C.D. Cal. Dec. 18, 2024) (holding that "Plaintiffs cannot rely on prior lawsuits to establish such a pattern when Plaintiff has not included allegations about those cases in the FAC"). Similarly, although Plaintiffs assert that "Defendants were aware of prior similar violations, including incidents involving the same Plaintiffs," (Opp'n at 3), the FAC fails to specify

the facts of these other incidents or how such facts constitute analogous constitutional violations.

Plaintiffs' *Monell* claims are the only claims stated against the sole named Defendants.  As the Court has dismissed these claims, Plaintiffs' FAC is dismissed in its entirety.  *Gillibeau v. City of Richmond*, 417 F.2d 426, 428 n.2 (9th Cir. 1969) (explaining that the "dismissal of the action as to the named defendants necessarily require[s] dismissal as to the 'Doe' defendants").

**II.  Leave to Amend**

"In general, leave to amend is only denied if it is clear that amendment would be futile and that the deficiencies of the complaint could not be cured by amendment."  *Cabo Distrib. Co. v. Brady*, 821 F. Supp. 601, 608 (N.D. Cal. 1992) (cleaned up); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (explaining that a "district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts").  At this stage, it is not clear that amendment of these claims would be futile and, at argument, neither Plaintiffs nor Defendants objected to dismissal with leave to amend.  Therefore, Plaintiffs will be given leave to amend.  However, Plaintiffs are cautioned that failure to remedy the defects identified in this Order may result in future dismissal without leave to amend.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 23) is GRANTED with leave to amend.  Plaintiffs shall file a second amended complaint within twenty-one (21) days after the date of this order

IT IS SO ORDERED.

Dated:  **October 6, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE