UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA SCARANO, et al., | No. 2:25-cv-00099-DJC-CKD |
| Plaintiffs, | |
| v. | ORDER |
| COUNTY OF STANISLAUS, et al., | |
| Defendants. | |

Defendants filed a Request for Dismissal of this case under Federal Rule of Civil Procedure 41(b) due to Plaintiffs' failure to comply with court orders. (Req. (ECF No. 40) at 2.) On December 8, 2025, Defendants filed a Motion to Dismiss Plaintiffs' Second Amended Complaint. (ECF No. 35.) Plaintiffs did not file an opposition by the deadline nor at any time thereafter. This was the second time Plaintiffs failed to timely oppose a Motion to Dismiss in the last year. (*See* ECF Nos. 13–14.)

On January 2, 2026, Defendants requested this Court dismiss the case for non-opposition and failure to comply with the Federal Rules of Civil Procedure and the Local Rules. (ECF No. 37 at 2.) This Court then ordered Plaintiffs to show cause within seven days why Plaintiffs' failure to file an opposition should not be construed as non-opposition and why the Court should not impose monetary sanctions on Plaintiffs. (ECF No. 38.) After Plaintiffs failed to respond to this Order to Show Cause, the Court

1

again ordered Plaintiffs to show cause within seven days why the Court should not dismiss the case for failure to prosecute and failure to comply with court orders.  (ECF No. 39.)  Plaintiffs again failed to respond, and Defendants filed the Request currently before the Court.  (*See* Req.)

The Court finds dismissal for failure to prosecute appropriate here.  Generally speaking, when considering whether to dismiss an action for failure to prosecute or to comply with a court order, the Court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

These factors favor dismissal here.  *First*, Plaintiffs' repeated failure to meet deadlines (*see* ECF Nos. 14, 38) and comply with court orders (*see* ECF. Nos. 38–40) prevents expeditious resolution of litigation.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").  *Second*, these failures to meet deadlines and respond to court orders impede the Court's ability to efficiently manage its docket and unnecessarily consume judicial resources.  *Third*, Plaintiffs' failure to prosecute is prejudicial to Defendants as Plaintiffs' actions have required Defendants to make additional filings and delayed resolution of this case.  *Fourth*, no less drastic alternatives are readily available as Plaintiff was twice instructed to comply with court orders and declined to do so.  (*See* ECF Nos. 38–40.)  *Fifth*, the public policy in favor of disposition of cases on the merits weighs against dismissal.  However, the weight of the other factors outweighs this public policy interest, and, on balance, the factors clearly favor dismissal.  Dismissal is thus appropriate under Federal Rule of Civil Procedure 41(b).

For the reasons stated above, IT IS HEREBY ORDERED that:

1.  Defendants' Request for Dismissal (ECF No. 40) is GRANTED.

2.  The Order to Show Cause (ECF No. 39) is DISCHARGED.

3.  This action is dismissed without prejudice for failure to prosecute.  *See*
    Fed. R. Civ. P. 41(b).

4.  The Clerk of the Court is directed to close the case.


IT IS SO ORDERED.

Dated:    **February 4, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE


DJC7 – Scarano25cv00099.dism

3